[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case came before the court on February 8, 1995 on the defendant's motion that the plaintiff be adjudged in contempt of court for violating the terms of the judgment of dissolution entered on September 28, 1993, as modified by a family support magistrate on July 8, 1994.
The plaintiff, indeed, is in violation of the court's orders. On July 8, 1994 the family support magistrate found an arrearage of $7,720. By the date of the hearing in this matter the arrearage had grown to $15,520. The plaintiff did not dispute the amount of the arrearage as of February 8, 1995.
At the same time the plaintiff does not appear to the court to be wilful in his failure to comply with the orders. Unlike other cases which the court has heard, the plaintiff does not appear presently to be living the high life while ignoring completely his obligation to comply with the court order and support his two minor children[1]. Payroll records introduced by the plaintiff indicate CT Page 1925 that his gross earnings during the year 1994 amounted to $26,225 and his net income on that amount was less than $20,000. The support order entered at the time of dissolution required the plaintiff to pay $500 weekly toward the support of his two minor children, and the family support magistrate added $250 per week to that amount, to be paid toward the arrearage found on July 8, 1994. Thus, the plaintiff is presently under a court-imposed obligation to pay $39,000 yearly for the support of his children and toward the arrearage found in July 1994.
The defendant argued that the records introduced by the plaintiff and his financial affidavit of February 7, 1995 understate his actual income but introduced no evidence in contradiction of those exhibits. Defendant did call the court's attention to the plaintiff's financial affidavit of July 8, 1994 and its estimate of weekly gross income of $1,000. Projected for the 13 weeks preceding the financial affidavit, this amount of gross weekly income would have provided total gross income for that quarter (the second quarter of calendar year 1994) of $13,000. When added to the $12,000 shown for the third quarter of 1994 on plaintiff's Exhibit 2, that sum would have provided a gross income for just those two quarters of $25,000, thus calling into question the "year-to-date totals" shown on the bottom line of the first page of plaintiff's Exhibit 2.
The court notes, however, that the plaintiff's financial affidavit of July 8, 1994 was prepared without the assistance of counsel, since plaintiff's trial counsel had withdrawn on April 5, 1994. Moreover, on the affidavit itself plaintiff indicated by handwritten note that the amount shown as his gross weekly income was "not taken every week". Given these facts, the court does not consider the affidavit a reliable indicator of the plaintiff's actual income during the previous 13 weeks.
Despite the plaintiff's evidence as to the meager income which he is presently taking from his business, the total billings generated by the business are substantial. The court heard testimony that the plaintiff sees an average of 10 to 12 chiropractic patients daily, and that his charge per visit averages $70. This would produce weekly billings of approximately $3,500 and yearly billings of approximately $182,000.
Based on its evaluation of the evidence offered at the hearing on February 8, 1995, the court finds that the plaintiff's failure to comply with the court orders was not wilful and, therefore, CT Page 1926 does not find the plaintiff to be in contempt of those orders. The court does find an undisputed arrearage as of February 8, 1995 in the amount of $15,520 and enters the following remedial orders:
 1. The order of the support magistrate of July 8, 1994 shall remain in effect until further order of this court.
 2. The plaintiff shall provide to counsel for the defendant, each week without fail, a full and complete accounting of all income received by his professional corporation, New Haven Chiropractic Center, P.C., during the preceding week. This accounting shall include all receipts of the corporation from whatever source, whether on current accounts or on accounts receivable. The accounting is to be submitted under oath and signed and sworn to by the plaintiff personally.
 3. Said accounting is to be accompanied by the plaintiff's or the corporation's check in the amount of two-thirds (2/3)[2] of such gross receipts of the business or $750, whichever is greater.
 4. In any week where the check is less than $750, the difference shall be added to the arrearage found to exist on February 8, 1995. In any week in which the check is greater than $750, the difference shall be applied to the reduction of the arrearage.
 5. The parties are joint owners of one baby grand piano presently in the plaintiff's possession at 35 West Side Drive in Hamden, Ct. Pursuant to the settlement agreement approved by the court at the time of the dissolution, the parties were to place the piano for sale and divide the proceeds equally. This has never been done. Therefore, the court orders the parties cannot agree in a mutually agreeable sales price within 30 days from the date of this order, they will engage a certified appraiser immediately for the CT Page 1927 purpose of establishing a fair market value for the piano. The cost of the appraisal and any mutually agreeable advertising and/or marketing expenses (hereinafter "sales cost") shall be paid by the parties from the proceeds of the sale. The net proceeds, defined as the sum remaining from the sale price minus any sales cost, shall be paid entirely to the defendant in partial reduction of the arrearage found as of February 8, 1995. since [Since] the defendant is already entitled to one-half (1/2) of the net proceeds pursuant to the dissolution judgment, the plaintiff will receive credit toward the arrearage of only one-half (1/2) of the net proceeds.
 6. This order of the court shall remain in effect until the arrearage found as of February 8, 1995 shall be paid in full or until further order of the court.
It is the intention of the court, by this order, to require the plaintiff to support his minor children before any other expenses of the corporation are paid. Therefore, the plaintiff, himself, is to take no salary or draw nor pay any employees of the corporation until the payment of two-thirds of the business' weekly gross receipts has been paid to the defendant.
Joseph M. Shortall, Judge